IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY SISTRUCK, also known as ANTHONY SLEDGE, ) ) ) Petitioner, ) ) v. ) WARDEN STEVE DEES and THE ) ATTORNEY GENERAL OF THE ) STATE OF ALABAMA, ) ) Respondents. ) | CIVIL ACTION NO. 00-BU-0792-S **ENTERED** JAN 1 5 2002 |

## MEMORANDUM OF OPINION

The petitioner has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On December 13, 2001, the magistrate judge assigned this matter recommended that it be dismissed with prejudice because it was barred by the applicable statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d). (Doc. 19, p. 5). The petitioner filed written objections to the report and recommendation of the magistrate judge. (Doc. 20). He asserts that his state court petitions were "properly filed" and concerned jurisdictional issues, which are not subject to state law time limitations. (*Id.* at p. 1). He also asserts that he has made a "colorable showing of actual innocence to warrant further consideration of this action." (*Id.*).

Regarding his first objection, that his state court petitions raise jurisdictional claims not subject to the state limitations period, the court finds that this assertion is not sufficient to allow the present petition to be reviewed on the merits. Although a "properly filed" state post-conviction petition will toll the federal statute of limitations, the petitioner's application

with this court (doc. 1) is untimely because when he filed his state post-conviction petition for relief, the time had already expired for him to file a federal petition. The time for filing a federal petition does not commence when a state court petition raising a jurisdictional claim is denied, but begins running when the challenged conviction becomes final. 28 U.S.C. § 2244(d). A state petition raising a jurisdictional challenge would "toll" the running of the federal statute so long as there is still time remaining to file a federal petition when the jurisdictional challenge is filed in state court. That is not the case in the present situation. Accordingly, the petitioner's objection is due to be overruled.

Regarding his second objection, that he has made a "colorable showing" of actual innocence, the court finds otherwise. AEDPA does not include an enumerated exception to the one-year statute of limitations for claims of actual innocence. The courts which have been presented with the issue have resolved the matters before them without addressing the issue of whether AEDPA implicitly includes such an exception. *See, e. g., Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218-19 (11th Cir. 2000); *see also Cromwell v. Keane*, 33 F. Supp. 2d 282, 287 (S.D.N.Y. 1999)(additional cases cited therein); *Alexander v. Keane*, 991 F. Supp. 329, 338 (S.D.N.Y. 1998). In resolving those cases on the issue of whether the particular petitioner had shown "actual innocence," the courts adhered to the "longstanding maxim of judicial restraint that it is 'our duty to avoid deciding constitutional questions presented unless essential to proper disposition of the case.'" *Cromwell*, 33 F. Supp. 2d at 287, *citing Alexander*, 991 F. Supp. at 338. *Accord Wyzykowski*, 226 F.3d at 1218-19.

Accordingly, this court has examined the record to determine whether the petitioner has made a showing of "actual innocence." *Wyzykowski*, 226 F.3d at 1218-19. In *Bousley v. United*

2

*States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998), the Supreme Court discussed the "actual innocence" standard. The Court stated that a petitioner must show "that, '"in light of all the evidence,"' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousely*, 523 U.S. at 623, *quoting Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68, 130 L. Ed. 2d 808 (1995) (quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. Chi. L. Rev. 142, 160 (1970)). The Court has also noted that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 118 S. Ct. at 1611. "In order to pass through the actual innocence gateway, a petitioner's case must be 'truly extraordinary.'" *Alexander*, 991 F. Supp. at 339, *citing Schlup*, 513 U.S. at 327, 115 S. Ct. at 867.

The petitioner makes his claim of actual innocence in a very conclusory manner. (*See* Doc. 20, p. 1). He merely asserts that he has made a "colorable showing." (*Id.*). The petitioner's claim of actual innocence is not the type of "factual innocence" that the Supreme Court talks about. The court has carefully considered the submissions from the petitioner, as well as the remainder of the record, and finds that he has not made "the extraordinary showing" of actual innocence necessary to warrant relief. *Alexander*, 991 F. Supp. at 339, *citing Schlup*, 513 U.S. at 327, 115 S. Ct. at 867.

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the objections of the petitioner and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the

3

recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice.

An appropriate order will be entered.

**DONE**, this 15th day of January, 2002.

                                              H. DEAN BUTTRAM, JR.
                                              UNITED STATES DISTRICT JUDGE